a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LOUIS MELBERT #104427,<br>Plaintiff | CIVIL DOCKET NO. 1:25-CV-01604<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| USA ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Louis Melbert ("Melbert"). Melbert is an inmate at Catahoula Correctional Center ("CCC") in Harrisonburg, Louisiana. He seeks damages for injuries sustained in an attack by another inmate and inadequate medical care.

Because Melbert fails to state a viable constitutional claim, the Complaint (ECF No. 5) should be DENIED and DISMISSED.

I. Background

Melbert alleges that he was attacked by a pretrial detainee who hit Melbert in the head and face with a padlock. ECF No. 5-1 at 2. Melbert was transported to the hospital after the attack, and remained in a coma for four to five days. ECF No. 5-1 at 2. He suffered a brain bleed and broken jaw. Melbert asserts that he was subsequently treated at two other hospitals, and is still receiving medical care. *Id.*

Melbert alleges that the attack resulted from the negligence of lieutenants, captains, and wardens. *Id.* He also asserts that the medical staff should have tested him for internal injuries. *Id.*

II. Law and Analysis

    A. Melberts's Complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

As a prisoner proceeding *in forma pauperis* who is seeking redress from an officer or employee of a governmental entity, Melbert's Complaint is subject to preliminary screening under § 1915A and § 1915(e)(2). *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Both sections provide for sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b); 1915A.

    B. Melbert fails to allege deliberate indifference to his medical neeeds.

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that "[r]egardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id.* at 104. That is, "[a] prison official violates the Eighth Amendment when his/her conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Id.* (citation and internal quotation marks omitted).

A prison official can be found liable under the Eighth Amendment only if the official "knows of and disregards an excessive risk to inmate health or safety; the

2

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006). If the risk is obvious, the prison official's knowledge of a substantial risk of harm may be inferred. *Id.* (citation omitted). An inmate may also demonstrate deliberate indifference by showing that "a prison official 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* (citation omitted).

"Deliberate indifference is more than mere negligence in failing to supply medical treatment." *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). "Deliberate indifference is a stringent standard of fault," requiring disregard of a known or obvious consequence and encompassing "only the unnecessary and wanton infliction of pain, repugnant to the conscience of mankind." *Southard v. Texas Bd. of Crim. Justice*, 114 F.3d 539, 551 (5th Cir. 1997) (citing *Bd. of the Cnty. of Comm'rs of Bryan Cnty., Ok. v. Brown*, 520 U.S. 397, 410 (1997)); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

Melbert does not allege that Defendants were deliberately indifferent to his serious medical needs. He has not presented factual allegations that Defendants ignored his complaints, refused to treat him, or intentionally treated him incorrectly. Melbert asserts that he received treatment at three different hospitals and is still under the care of a physician. Although he believes further testing for internal

3

injuries should have been performed, a disagreement with medical care is not sufficient to state a claim for deliberate indifference. *See Easter*, 467 F.3d at 464 (citation omitted).

### C. Melbert fails to allege deliberate indifference regarding the assault.

To state a viable constitutional claim for the failure to protect, a plaintiff must allege that a defendant was deliberately indifferent to his need for protection. *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or safety" and disregards that risk. *See Farmer v. Brennan*, 511 U.S. 825, 832-33, 837 (1994). A prison official "knows of" an excessive risk only if: (1) he is aware of facts from which he could infer "that a substantial risk of serious harm exists"; and (2) he "draw[s] the inference." *Id.*

Melbert specifically alleges that Defendants were negligent in failing to conduct rounds or monitor the dorms. ECF No. 5-1 at 2. He does not allege that Defendants knew or could have inferred that he faced a substantial risk of attack from this assailant.

### III. Conclusion

Because Melbert fails to allege a viable constitutional claim for damages, IT IS RECOMMENDED that the Complaint (ECF No. 5) be DENIED and DISMISSED WITH PREJUDICE under § 1915(e)(2)(b) and § 1915A, but WITHOUT PREJUDICE to pursuing negligence claims under Louisiana law in state court.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, January 20, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE